UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT NORTH CAROLINA

In re:                              )
                                    )
    RONALD GRAY                 )       Case No.    06-80048
    LESLIE GRAY                 )       Chapter 13
                                    )
        Debtors                 )
                                    )
_____)

In re:                              )
                                    )
    JAMES LAWSON                )       Case No.    07-80973
    IRENE LAWSON                )       Chapter 13
                                    )
        Debtors                 )
                                    )
_____)

In re:                              )
                                    )
    SONITA McRAE                )       Case No.    09-80288
                                    )       Chapter 13
_____)

### BRIEF OF THE BANKRUPTCY ADMINISTRATOR IN SUPPORT OF OBJECTIONS TO APPLICATIONS FOR COMPENSATION OF DEBTORS' ATTORNEY

Now comes the United States Bankruptcy Administrator, by and through Counsel, and submits this Brief in support of his objections to applications for compensation filed by the Debtors' Attorney in these cases. These cases, which present similar issues, have been combined for hearing.

1.     <u>Facts Presented.</u>

In each of these case, the Debtor(s) are represented by the Law Offices of John T. Orcutt, P.C. (the "Applicant") In each case, the Debtors commenced an adversary proceeding by filing "A Complaint to Value Collateral," contending that a second lien on real estate owned by the Debtor(s) should be treated as an unsecured claim because the value of the collateral was less than superior liens. No issues other than valuation were raised in the complaints.

It may be noted that in the Gray case, that Suntrust Bank, the defendant in the adversary, was classified and treated as an unsecured creditor in the chapter 13 plan, which was confirmed in April 2006, without objection.

In Lawson, Equity One, the defendant in the adversary proceeding, was classified and treated as an unsecured creditor in the chapter 13 plan, which was confirmed in October 2006, without objection.

In McRae, it appears that Blue World Pools, the defendant in the adversary proceeding, was classified as a secured claim, to receive payment, in the chapter 13 plan, confirmed June 24, 2009.

In each case, after each adversary proceeding was concluded by a judgment, the attorney for the Debtors applied to the Court for additional (non-base) attorney fees and expenses, as follows:

| | | |
|---|---|---|
| Gray | $1795 fees | $11.42 expenses. |
| Lawson | $1005 fees | $5.71 expenses |
| McRae | $995 fees | $11.42 expenses |

The Bankruptcy Administration objected to the fees in each case, on the grounds that the fees were unreasonable, unnecessary and burdensome to the estate.

2. <u>Introduction and standard to be applied to fee applications</u>

Generally, in a chapter 13, Debtors' counsel may be compensated from the estate in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the Debtor as well as the factors set out in Section 330(a)(4)(B) of the Code. 11 U.S.C. § 330(a)(4)(B)(2009); In re Robinson, 368 B. R. 492 (Bankr. E. D. Va. 2007).

The factors listed by Section 330(a) are:

**(3)** In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including--

**(A)** the time spent on such services;

**(B)** the rates charged for such services;

**(C)** whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

**(D)** whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

**(E)** with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

**(F)** whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

**(4)(A)** Except as provided in subparagraph (B), the court shall not allow compensation for--

**(I)** unnecessary duplication of services; or

**(ii)** services that were not--

**(I)** reasonably likely to benefit the debtor's estate; or

**(II)** necessary to the administration of the case.

11 U.S.C.A. § 330 (2009); See also, Harman v. Levin, 772 F. 2nd 1150 (4th Cir. 1985)(factors which aid in determining reasonable fee). While the BA believes that the rates requested represent the top rates requested and charged by chapter 13 practitioners in this district, the BA does not challenge the fees sought on that ground. Rather, the Bankruptcy Administrator contends that the filing of adversary proceedings in these cases was unnecessary and multiplied the proceedings, so that the fees sought should be reduced. See In re Vista Foods USA, Inc., 234 B.R. 121, 130 (Bankr.W . D.Okla.1999)("services found to be excessive, redundant, or unnecessary are not compensable.")(citing Hensley v. Eckerhart, 461 U.S. 424, 434, 103 S.Ct. 1933 (1983)); In re Guzman 2009 WL 607401, 1 (Bankr. D.N.M. 2009). The Bankruptcy Administrator contends that the issue of the valuation of collateral, and so of junior liens, can be handled by Motion, with less cost, lower fees and fewer proceedings. The result of the motion may be carried over into the chapter 13 plan. The services rendered in these cases related to the adversary proceedings were simply not required to accomplish the task for which the professional was employed, and so, were unnecessary and non-compensable. In re Computer Learning Centers, 285 B. R. 191 (Bankr. E.D. Va. 2002). It should be noted that in some cases the fees

3

are to be paid out of funds otherwise to be paid to unsecured creditors. See e.g. In re Dugan 2008 WL 3876415 (Bankr. E.D. Va. 2008)(discussing negative effect of supplemental fee applications on creditors in "pot" plans.)

Further, the BA contends that some of the time sought by the Applicant related to non-compensable clerical or overhead services. It should be born in mind that the Applicant is also entitled to the standard "no-look" fee in each case, and in the two older cases, has been paid the full amount of the applicable base fee.

To begin consideration of the fees sought in these cases for this work, it is important to note several basic principles.

First, the determination of reasonable compensation is within the sound discretion of the court. In re Ameritex Yarn, LLC, 378 B. R. 107 (Bankr. M.D. N.C. 2007); In re Breeden, 180 B. R. 802, 808 (Bankr. N.D. W.Va. 1995). In fact, the court is to make an independent analysis of any fees requested.

Second, the burden of proof in a fee application rests on the applicant. In re Ameritex Yarn, supra; In re Maxine's, Inc. 304 B. R. 245 (Bankr. D. Md. 2003); In re Rosen, 25 B. R. 81 (Bankr. D. S. C. 1982).

Thirdly, "tasks that are purely secretarial or clerical in nature are not compensable from the bankruptcy estate and are considered part of office overhead.". In re Guzman 2009 WL 607401 at 1 (Bankr. D.N.M. 2009).

Fourth, and in summary:

> The award of fees in bankruptcy cases requires the Court to balance two essential yet potentially competing concerns: moderation in the interest of the estate and its creditors and the need to be "generous enough to encourage" lawyers and others to render the necessary and exacting services that bankruptcy cases often require. *In re Yale Express Sys.*, 366 F.Supp. 1376, 1381 (S.D.N.Y.1973). "Thus ... the compensation awarded must be for actual and necessary services, and must not exceed that which is reasonable." *In re Hamilton Hardware Co.*, 11 B.R. 326, 329 (Bankr.E.D.Mich.1981).

In re Vernon-Williams 343 B.R. 766, 810 (Bankr. E.D.Va.,2006); overruled on other grounds, sub nom. Boleman Law Firm vs. US Trustee 355 B. R. 548 (E.D. Va. 2006).

2. The adversary proceedings to value collateral were unnecessary.

First, Bankruptcy Rule 3012 provides for a motion to be filed to value security:

4

> The Court may determine the value of a claim secured by a lien on property in which the estate has an interest <u>on motion of any party</u> in interest and after a hearing on notice to the holder of the secured claim and any other entity as the court may direct.

Bankruptcy Rule 3012 (2009)

Second, the weight of authority in this circuit, following Rule 3012, is that valuation of a creditor's security, such as occurred in these cases, is a contested matter that may be raised by motion. It requires proper notice under Rule 7004.

> Valuation of a creditor's security interest is a contested matter pursuant to Fed. R. Bankr.P. 3012 that must be brought by motion. *See* Fed. R. Bankr.P. 3012 (advisory comments noting that the rule permits the matter to be raised by motion). Fed. R. Bankr.P. 9014(b) requires the service of such motion comply with Fed. R. Bankr.P. 7004.

In re Sawyer, 373 B.R. 454, 459 (Bankr .D.S.C.2007). Similarly, after discussing the requirements of Rule 7001 for adversary proceedings, the court stated in In re Petroff, 2006 WL 2818307 (Bankr. D. Md. 2006):

> However, there are other means by which a lien may be challenged, including objections to claim under Bankruptcy Rule 3001, or motions to value collateral under Bankruptcy Rule 3012 and 11 U.S.C. § 506(a). *See In re Gates,* 214 B.R. at 471 (formal adversary proceeding is not required for issues of value of collateral under Section 506(a) of the Bankruptcy Code) (citing *Wright,* 178 B.R. at 705 n. 3); *see also In re Therneau,* 214 B.R. 782, 785 (Bankr.E.D.N.C.1997) (Rule 3012 allows a debtor to request valuation of collateral under Section 506(a) by motion, and seek avoidance under Section 506(d) if applicable, so long as the creditor's right to due process is satisfied).

In re Petroff, 2006 WL 2818307, 1 (Bankr. D.Md.2006).

> Once the valuation occurs, the result should be carried over into the chapter 13 plan.

> Therefore, because the first lien on the Property exceeds the equity remaining in the home, Appellant's secondary lien is wholly unsecured, and its interests may be modified by the Chapter 13 plan, pursuant to § 1322(b)(2). This conclusion is consistent with all six Courts of Appeals to have directly considered the issue, as well as two Bankruptcy Appellate Panels.*See Zimmer v. PSB Lending Corp.,* 313 F.3d 1220 (9th Cir.2002); *Lane,* 280 F.3d 663; *Pond v. Farm Specialist Realty,* 252 F.3d 122 (2d Cir.2001); *Tanner,* 217 F.3d 1357; *Bartee,* 212 F.3d 277; *McDonald v. Master Fin., Inc.,* 205 F.3d 606 (3d Cir.2000); *Domestic Bank v. Mann,* 249 B.R. 831 (1st Cir. BAP 2000); *Lam v. Investors Thrift,* 211 B.R. 36 (9th Cir. BAP 1997).

First Mariner Bank v. Johnson 411 B.R. 221, 224 (D.Md.,2009)(valuation by motion); See In re Therneau, 214 B. R. 782 (Bankr. E.D.N.C. 1997)(carrying the valuation into the confirmation order) The order confirming plan is entitled to *res judicata* effect. 11 U.S.C. § 1327 (2009); United Student Aid Funds, Inc. v. Espinosa, 130 S. Ct. 1367 (U.S. 2010); In re Williams, 2007 WL 128891 (Bankr. M.D.N.C. 2007); In re Linkous, 990 F. 2nd. 160 (4th Cir. 1993).

As the Advisory Committee Note to Rule 3012 makes clear, an adversary proceeding is commenced to address the validity, priority and extent of a lien, not valuation. See e.g. In re Hoskins 262 B. R. 693 (Bankr. E. D. Mich 2001) (valuation implicates none of the matters itemized in Rule 7001, and an adversary proceeding is not required). Rule 3012 provides a procedure for determining the value of a security when the valuation issues arises without these other issues. As the Applicant notes, where validity, priority and extent of a lien is in issue, an adversary proceeding is necessary to determine the issue.

Because it is clear that service of the motion and notice must satisfy the requirements of due process through compliance with Rule 7004, any contention that a adversary proceeding is necessary to avoid "later procedural attack" is merit less. As the Supreme Court noted in United Student Aid Funds v. Espinosa, 130 S. Ct. 1367 (2010), actual notice of the filing and contents of the chapter 13 plan is sufficient to satisfy due process.

Further contention that the recordation of the judgment from an adversary proceeding is simpler than recording the order confirming plan would appear to be simply a matter of preference, as in the type face or font preferred by a hypothetical future title researcher. If such an issue actually exists, it might be easily answered by a form attachment or cover sheet for the document to be recorded.

In the course of discussing the propriety of "lien stripping" by motion, the Court in In re Sadala, 294 B. R. 180, 183 ( Bankr. M.D.Fla.) considered the different procedural approaches, ruled that the appropriate procedure for collateral valuation is by motion, and came to the conclusion that "an adversary proceeding is more formal, takes longer, and is more costly." Accord, In re Pereira 394 B. R. 501 (Bankr. S.D Cal. 2008)(adversary proceeding to value collateral not "expeditious"). Part of the problem is that an adversary proceeding takes significantly more time to resolve, leading to delay in presenting and dealing with the issue. In addition, while a motion to value collateral does require a hearing, it is little different from many other hearings, such as those to incur debt, or extend the stay, which are routinely conducted with little fuss or expense, by debtors and their counsel.

Therefore, the valuation of the property in these cases by adversary proceeding was unnecessary, and to the extent that the decision to use adversary proceedings led to greater expense and higher fees, those fees should not be allowed.

3. These Applications.

6

As a preliminary matter, the BA agrees with the Applicant that it would be efficient if there were a reasonable presumptive flat fee for motions to value collateral, in the form of a "menu item" set by standing order.

Turning to the applications, and considering the time spent, chronologically:

(A).  <u>Gray</u>  In this case, the Applicant contends that all services were necessary, and the fees of $1795.00 would have been similar if the lien strip off were done by motion.

The BA contends:

1. The 2005 entries are general services which are covered by the base fee.

2. The services for July 28, 2009 and August 4, 2009 (Nolte) are either non-compensable clerical services, or unnecessary services only required by the adversary proceeding.

3. The services for September 14, and 15, 2009 would have been reduced by at least 2/3 if, as in motion practice, no consent order to extend time was necessary.

4. The services for March 22 and 25, 2010 are either non-compensable clerical services, or unnecessary services only required by the adversary proceeding.

For these reasons, the BA contends that this fee application should be reduced $380.00. As noted above, if a presumptive fee were available, the more than $400.00 in time spent to prepare and file the fee application would not be an issue. Further, the Debtor did not bring this adversary in this 2006 case until 2009, which delay the BA contends indicates that adversary proceedings are burdensome.

(B).  <u>Lawson.</u>  In this case, the Debtor agrees that 0.8 hours paralegal time and 0.3 hours attorney time, totaling $155.00, are required by the filing of the adversary proceeding which would not be required in a motion practice.

The BA contends, <u>in addition:</u>

1. The 2007 entries are general services which are covered by the base fee.

2. The services for September 10, 2009 and September 24, 2009 are either non-compensable clerical services, or unnecessary services only required by the adversary proceeding.

3. The services for March 23, 2010 are either non-compensable clerical services, or unnecessary services only required by the adversary proceeding

7

For these reasons., the BA contends that this fee application should be reduced by $450.00. As noted above, if a presumptive fee were available, the more than $300.00 in time spent to prepare and file the fee application would not be an issue. Further, the Debtor did not bring this adversary in this 2007 case until 2009, which delay the BA contends indicates that adversary proceedings are burdensome.

(C)     <u>McRae.</u> In this case, the Debtor agrees that 0.8 hours paralegal time and 0.3 hours attorney time, totaling $155.00, are required by the filing of the adversary proceeding which would not be required in a motion practice.

The BA contends, <u>in addition:</u>

1. The entries for March 27, 2009 are general services which are covered by the base fee.

2. The services for April 1, 2009 and October 22, 2009 are either non-compensable clerical services, or unnecessary services only required by the adversary proceeding.

3. The services for April 2, 2010 are either non-compensable clerical services, or unnecessary services only required by the adversary proceeding

For these reasons., the BA contends that this fee application should be reduced by $445.00. As noted above, if a presumptive fee were available, the more than $200.00 in time spent to prepare and file the fee application would not be an issue.

4.     <u>Conclusion.</u>

The use of an adversary proceeding to value collateral in these case was unnecessary. Time spent in unnecessary services is not compensable; neither are clerical services.

Therefore:

In <u>Gray,</u> the BA contends that the Applicants' requested fees should be reduced at least $380.00, to a total of $1415.00.

In <u>Lawson,</u> the BA contends that the Applicant's requested fees should be reduced at least $450.00 to a total of $555.00.

In <u>McRae</u>, the Ba contends that the Applicant's requested fees should be reduced at least

8

$445.00 to a total of $450.00.

This the _21ST_ day of _June_, 2010.

                                        Michael D. West, Esq.
                                        U.S. Bankruptcy Administrator

                                        By _/s/ Robert E. Price_
                                        Robert E. Price, Jr.
                                        Staff Attorney
                                        State Bar No. 9422

Of Counsel:

Office of the Bankruptcy Administrator
P.O. Box 1828
Greensboro, North Carolina 27402-1828
tel: 336.358.4179
fax: 336.358.4185

CERTIFICATE OF SERVICE

This is to certify that on this date, the foregoing document was served upon the following parties or counsel by electronic filing and/or depositing a copy in the United States mail, first class postage prepaid, addressed as follows:

Richard M. Hutson, Trustee

Edward C. Boltz, Esq.

This the _21st_ day of _June_, 2010.

By /s/ Erin Merchant
Bankruptcy Administrator
Paralegal

10